UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALEXY REGUENA, individually and
on behalf of others similarly situated,**

             **Plaintiff,**

                                **CASE NO.:**

**vs.**

**DOUG CONNOR, INC., a Florida For
Profit Corporation, and DANA
CONNOR, Individually,**

             **Defendants.**          **/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALEXY REGUENA, by and through the undersigned attorney, individually and on behalf of others similarly situated, sues the Defendants, DOUG CONNOR, INC., a Florida Corporation, and DANA CONNOR, Individually, and alleges, with personal knowledge as to his own actions, and upon information and belief as to those of others, as follows:

1.      Plaintiff, ALEXY REGUENA, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2.      Plaintiff, ALEXY REGUENA, was an employee who worked at Defendants' property within the last three years in Brevard County, Florida.

3.      Plaintiff, ALEXY REGUENA, worked for Defendants as an hourly paid

employee at an hourly rate of $22.50 per hour.

4.      Plaintiff, ALEXY REGUENA, works as a Grapple Truck Driver/Operator for Defendants.

5.      Similarly situated Grapple Truck Drivers/Operators were also paid an hourly rate of pay.

6.      At all times material to this cause of action, Plaintiff, ALEXY REGUENA, and those similarly situated employees were non-exempt employees and therefore entitled to overtime wages for any and all overtime hours worked.

7.      Defendant, DOUG CONNOR, INC., is a Florida for profit Corporation that operates and conducts business in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

8.      Defendant, DOUG CONNOR, INC., lists its principal address as 830 Paw Prints Ave, Melbourne, Florida 32934.

9.      According to its website, Defendant, DOUG CONNOR, INC., offers land clearing, demolition, excavation, grinding, grading, import fill, storm drainage, sanitary sewer, water distribution, concrete work and road construction services to its customers. See http://DougConnorInc.com/services

10.      Defendant, DOUG CONNOR, INC., also provides debris collection services. *Id.*

11.      For the past three years, Defendant, DOUG CONNOR, INC., operated exclusively or almost exclusively in Brevard County, Florida.

12.      At all times relevant to this action, DANA CONNOR, was an individual resident of the State of Florida, who owned and/or operated DOUG CONNOR, INC., and

who regularly exercised the authority to: (a) hire and fire employees of DOUG CONNOR, INC.; (b) determine the work schedules for the employees of DOUG CONNOR, INC., and (c) control the finances and operations of DOUG CONNOR, INC.

13.　　By virtue of having regularly exercised that authority on behalf of DOUG CONNOR, INC.,  DANA CONNOR is/was an employer as defined by 29 U.S.C. § 201, et seq.

14.　　This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

15.　　This Court has jurisdiction over Plaintiffs and those similarly situated employees' claims pursuant to 28 U.S.C. §1331 and the FLSA.

16.　　During Plaintiff's and those similarly situated employees' employment with Defendants, Defendant, DOUG CONNOR, INC., earned more than $500,000.00 per year in gross sales.

17.　　Defendant, DOUG CONNOR, INC., employed in excess of twenty (20) employees and paid these employees plus earned a profit from their business.

18.　　During Plaintiff's and those similarly situated employees' employment, Defendant, DOUG CONNOR, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as safety vests, excavators, front end dirt loaders, buckets, cellular phones, land line telephones, and other tools/materials used to run the business.

19.　　Therefore, at all material times relevant to this action, Defendant, DOUG CONNOR, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

20.     Additionally, Plaintiff, ALEXY REGUENA, is individually covered under the FLSA.

## FLSA Violations

21.     At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff and Class Members performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff and Class Members for all overtime hours worked.

22.     During their employment with Defendants, Plaintiff and Class Members were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

23.     Specifically, Defendants had a policy and practice of compensating overtime hours only when their Grapple Truck Drivers/Operators exceeded fifty (50) hours for the workweek. See Attached "A"

24.     For example, Plaintiff is currently compensated at a regular rate of pay of $22.50 per hour.  For purposes of this example, if Plaintiff worked sixty (60) hours in a workweek, then under Defendants' current unlawful pay scheme, Plaintiff would be compensated as follows:  Plaintiff would be paid $22.50 per hour for all hours worked through fifty (50) hours per week which equals $1,125.00 ($22.50 x 50).  Plaintiff would receive one and one half times his regular rate of pay for all hours worked from fifty (50) hours through sixty (60) hours which equals $337.50 (($22.50 x 1.5) x 10 hours). Therefore, under Defendant's current unlawful pay scheme Plaintiff's total check would be $1,462.50.

25.     Using the same assumptions provided in paragraph 22, Plaintiff should

4

have received $1,575.00 – a difference of $112.50.  The difference is the half-time pay premium for the hours worked between forty (40) hours through fifty (50) hours worked.

26.     Plaintiff and Class Members[1] are entitled to the half-time premium for <u>all</u> hours worked over forty (40) hours.

27.     Plaintiff and Class Members routinely worked in excess of forty (40) hours per week during their employment with Defendants without receiving full overtime compensation.

28.     Specifically, Plaintiff and Class Members were required to give a minimum of fifty (50) hours per week, or 10 hours per shift/day. *Id*

29.     Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

30.     Defendants' method of paying Plaintiff and Class Members is in violation of the FLSA, was willful, and was not based on a good faith and reasonable belief that their conduct complied with the FLSA.

31.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and Class Members are in the possession and custody of Defendants.

## COLLECTIVE ACTION ALLEGATIONS

32.     As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice or policy of violating the FLSA on a class wide basis, as described above.

---

[1] Grapple truck drivers earned different hourly wages based upon experience and years of employment but in each case all Class members were paid under the same unlawful scheme.

33.     Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

34.     Class Members perform or have performed the same or similar work as Plaintiff.  In particular, Plaintiff and Class Members all worked as "Grapple Truck Drivers" under the same conditions and subject to the same violations of the FLSA.

35.     Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

36.     Class Members are not exempt from receiving overtime pay under the FLSA.

37.     As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime wages.

38.     Defendants' failure to pay overtime compensation as required by the FLSA results from generally applicable policies or practices and is not dependent on the personal circumstances of the Class Members.

39.     The experience of Plaintiff, with respect to his pay, is typical of the experiences of Class Members.

40.     The experience of Plaintiff, with respect to his job duties, is typical of the experiences of Class Members.

41.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

42.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

43.    Although the exact amount of damages may vary across Class Members, the damages for Class Members can be easily calculated by a formula.  The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

44.    Defendants engaged in a practice of failing to pay Plaintiff and the Class Members the half-rate overtime pay premium for all hours worked between forty (40) hours and fifty (50) hours.

45.    Defendants instituted, created, permitted, and/or required the policy of failing to pay Plaintiff and Class Members for the half-rate overtime pay premium for all hours worked between forty (40) hours and fifty (50) hours.

46.    Defendants have failed to provide accurate overtime compensation for numerous pay periods spanning the last three (3) years.

47.    Upon information and belief, Defendants have made efforts to obtain general releases by current and/or former Grapple Truck Drivers/Operators in exchange for $100.00 consideration without Department of Labor or court approval for fairness under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). See Attached "B"

48.    Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

49.    Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal

Regulations.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (29 U.S.C. § 207)

50.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-49 above as though stated fully herein.

51.    Plaintiff and all Class Members are/were entitled to be paid time and one-half his/their regular rate of pay for each hour worked in excess of forty (40) per work week.

52.    During their employment with Defendants, Plaintiff and all Class Members worked overtime hours but were not paid time and one-half compensation for same.

53.    Plaintiff and all Class Members were not paid any overtime compensation until he/they exceeded fifty (50) hours for the work week.

54.    Defendants have failed provide accurate overtime compensation for numerous pay periods.

55.    Defendants did not have a good faith basis for their decision not to pay Plaintiff and all Class Members full overtime compensation.

56.    As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and all Class Members time and one-half  their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and all Class Members have suffered damages plus incurred reasonable attorneys' fees and costs.

57.    As a result of Defendants' willful violation of the FLSA, Plaintiff and all Class Members are entitled to liquidated damages.

58.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ALEXY REGUENA demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 11<u>th</u> day of September, 2020

/s/**James J. Henson**
James J. Henson, Esq.
Florida Bar No.: 77476
Morgan & Morgan, P.A.
Matthew R. Gunter, Esq.
Florida Bar No. 77459
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Direct Tel.: (407) 428-6241
Fax: (407) 245-3342
Email: jjhenson@forthepeople.com
            mgunter@forthepeople.com
            ssiagel@forthepeople.com
Counsel for Plaintiff