# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ALEXY REGUENA,**

      **Plaintiff,**

**v.**                                                                                      **Case No: 6:20-cv-1670-EJK**

**DOUG CONNOR, INC. and DANA M CONNOR,**

      **Defendants.**

## ORDER

This cause comes before the Court on the parties' Joint Motion for Approval of Settlement (the "Motion"), filed July 18, 2022. (Doc. 75.) Upon consideration, the Motion is due to be denied without prejudice.

The parties have agreed that Plaintiff and opt-ins will receive full overtime damages plus fifty percent liquidated damages. (Doc. 75 at 3.) The parties assert that the "issue of liquidated damages was denied by this Court and thus the parties negotiated 50% liquidated damages as a compromise." (*Id.*) However, while the Court denied Plaintiff's motion for summary judgment on the issue of liquidated damages, the Court did not make an explicit finding as to whether Defendants acted in good faith. (Doc. 55 at 14–16.) Moreover, the parties have not otherwise stipulated that Defendants acted in good faith. While a district court "may exercise its discretion to award less than the full amount of liquidated damages," it must first "explicitly find that the employer acted in good faith." *Reyes v. Aqua Life Corp.*, 632 F. App'x 552, 556

(11th Cir. 2015) (quoting *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987)). The Court has not done so here, and thus cannot approve a settlement providing for less than an equal amount of liquidated damages.

Additionally, the Court notes that the release provision in the proposed settlement agreement is overbroad. The parties state that Plaintiff and opt-ins waive and release Defendants

> from any and all wage claims of any nature whatsoever Plaintiff and opt-ins have arising out of or related to the payment of wages during their employment with Defendants, known or unknown, including, but not limited to, any claims Plaintiff and opt-ins may have under the Fair Labor Standards Act ("FLSA"), the Florida minimum wage statute, and any and all other applicable state, federal, county. or local ordinances, statutes or regulations.

(Doc. 75-1 ¶ 2.)

Here, the proposed release "sweeps wider than the claims asserted in Plaintiff's complaint" because it releases Defendants from any and all wage claims of any nature, known or unknown. *Marte v. Gizmo Orlando, Inc.*, No. 6:18-cv-596-Orl-37KRS, 2018 WL 4610620, at *4 (M.D. Fla. May 31, 2018), *report and recommendation adopted*, No. 6:18-cv-596-Orl-37KRS, 2018 WL 3084007 (M.D. Fla. June 22, 2018) ("To the extent that Plaintiff has FLSA claims that were not asserted in the complaint (such as minimum wage claims), the parties have not demonstrated that there is a *bona fide* dispute as to such claims and, thus, that they are appropriate for compromise.").

Finally, the parties should notify the Court if they have entered into any agreement, oral or written, that has not been disclosed to the Court and (i) is in any

way related to this action, or (ii) contains a release of non-FLSA claims, a confidentiality provision, or a non-disparagement provision.

Upon consideration of the foregoing, it is hereby **ORDERED** that the parties' Joint Motion for Approval of Settlement (Doc. 75) is **DENIED WITHOUT PREJUDICE**. The parties may file a renewed motion that addresses the issues set forth in this Order and a revised settlement agreement **on or before August 16, 2022**.

**DONE** and **ORDERED** in Orlando, Florida on August 2, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE