**UNITED STATS DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALEXY REGUENA, individually**
**and on behalf of others similarly**
**situated**

    **Plaintiff,**

CASE NO.:  6:20-CV-1670-ORL-37EJK

vs.

**DOUG CONNOR, INC., a**
**Florida Profit Corporation, and**
**DANA CONNOR, Individually,**

    **Defendants.**
_____/

**SECOND AMENDED JOINT MOTION FOR APPROVAL OF**
**SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, ALEXY REGUENA, individually and on behalf of others similarly situated, and Defendants, DOUG CONNOR, INC., and DANA CONNOR (collectively "the Parties"), by and through their undersigned counsel, jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above captioned matter and dismissing this case with prejudice. The Settlement Agreement has been attached for the Court's review. *See* settlement agreement attached as **Exhibit "A."**

**I.**    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA

if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the Parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his former employers, which was adversarial in nature. During the

litigation and settlement of this action, the Plaintiff and Defendants were represented by experienced counsel.

## II. Terms of Settlement

### A. Plaintiff' and Opt-ins' Recovery

Plaintiff and opt-ins will receive full overtime damages as well as full (100%) in liquidated damages. The Parties agree that the settlement terms and amounts are reasonable, as Plaintiff has prevailed on its Motion for Summary Judgment as to liability.

#### I. Unpaid Overtime

In determining Plaintiff's damages, Defendants provided all of Plaintiff's and all opt-in Plaintiffs pay and time records during their employment. The Parties were then able to calculate the number of overtime hours Plaintiff and all opt-ins worked to a high degree of confidence. The Parties then engaged in settlement negotiations based on the data exchanged.

#### II. Liquidated Damages

In the Court's Order [Doc. No. 79] denying the Parties Amended Motion for Approval, the Court denied the Motion because the Parties had settled on the payment of 50% of liquidated damages but did not specify whether Defendants had acted in "good faith" when they failed to pay overtime compensation to Plaintiff and the opt-ins. In denying the Amended Motion, the Court gave the Parties three options. Defendants could (1) pay Plaintiff and all opt-ins full liquidated damages, (2) Plaintiff could admit that Defendants acted in good faith, or (3) the Parties could

proceed to trial on September 19, 2022. Defendants maintain that any failure to pay overtime was made in good faith, whereas Plaintiff and opt-in Plaintiffs assert that the evidence which would be presented at trial would support an award of full liquidated damages. Despite the differences of opinion, Defendants have agreed to pay Plaintiff and all opt-in Plaintiffs full liquidated damages equal to the amount of unpaid overtime.

The Parties believe that this settlement is fair as Plaintiff and all opt-in Plaintiffs are being paid full unpaid overtime as well as 100% of all liquidated damages, which they could obtain if this matter proceeded to trial. Under these circumstances, the undersigned find the settlement reasonable.

The Parties have not entered into any side agreement, oral or written, other than the settlement agreement and release which this Second Amended Motion seeks this Court's approval.

### B. Attorney's Fees/Costs

The agreement acknowledges that, for purposes of this settlement, Plaintiff as the prevailing party and his entitlement to reasonable fees and costs litigating this matter. As such, the Parties anticipate Plaintiff filing a Motion for Fees and Costs at a later date once this agreement is approved. Defendants will have an opportunity to respond to the amount in fees sought (rates and hours spent) but not entitlement to fees and costs.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties and dismiss the instant action, as well as any and all other pending claims between the Parties, with prejudice pending the determination of Plaintiff's Motion to Determine Attorney's Fees and Costs.

Dated this 22nd day of August, 2022.

Respectfully submitted,

| | |
|---|---|
| /s/ James J. Henson, Esq. | /s/ Allan P. Whitehead, Esq. |
| James J. Henson, Esq. | Allan P. Whitehead, Esq. |
| Florida Bar No. 77476 | Florida Bar No. 870927 |
| Matthew R. Gunter, Esq. | James D. Henderson, Esq. |
| Florida Bar No. 77459 | Florida Bar No. 84257 |
| Morgan & Morgan, P.A. | Frese, Whitehead & Anderson, P.A. |
| 20 N. Orange Ave., 15th Floor | 220 Front Street |
| Orlando, FL 32801 | Ste 301 |
| Tel: (407)428-6241 | Melbourne, FL 32901 |
| Fax: (407) 245-3342 | Tel: (321) 984-3300 |
| Email: jjhenson@forthepeoeple.com | Email: awhitehead@fresewhitehead.com |
| mgunter@forthepeople.com | jhenderson@fresewhitehead.com |
| ssiagel@forthepeople.com | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of August, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to *all counsel of record.*

                                        **s/ JAMES J. HENSON**
                                        **James J. Henson, Esq.**