UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALEXY REGUENA,**

        **Plaintiff,**

v.                                                         **Case No: 6:20-cv-1670-EJK**

**DOUG CONNOR, INC. and DANA M CONNOR,**

        **Defendants.**

**ORDER**[1]

This cause comes before the Court on the parties' Second Amended Joint Motion for Approval of Settlement (the "Motion"), filed August 22, 2022. (Doc. 80.) Upon consideration, the Motion is due to be granted.

**I.  BACKGROUND**

Plaintiff initiated this collective action against Defendants Doug Connor, Inc. ("DCI") and Dana M. Connor pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 1.) The factual allegations underlying the instant action stem from the employment of Plaintiff, and others that are similarly situated to him (collectively, the "Conditional Class Members") at DCI. The Conditional Class Members allegedly worked as grapple truck drivers for DCI. (*Id.* ¶

---

[1] On February 10, 2021, both parties consented to the exercise of jurisdiction by a magistrate judge. (Doc. 20.) The case was referred by an Order of Reference on February 11, 2021. (Doc. 21.)

4, 5.) During the course of their employment, the Conditional Class Members worked overtime, without receiving full overtime pay, which they assert violates the FLSA. (*Id.* ¶¶ 22–28.)

On June 3, 2022, the parties filed a joint notice of settlement (Doc. 74), and on July 18, 2022, the parties filed a Motion seeking approval of a joint settlement resolving the issues in this action. (Doc. 75.) On August 2, 2022, this Court entered an Order denying the Motion without prejudice for failing to demonstrate good faith in the settlement agreement. Thereafter, on August 22, 2022, the parties jointly filed an Amended Motion for Settlement Approval. (Doc. 80.)

## II.   STANDARD

Congress enacted the FLSA to protect employees from "inequalities in bargaining power between employers and employees." *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). To further this congressional purpose, the U.S. Court of Appeals for the Eleventh Circuit has placed "limits on the ability of private parties to settle FLSA lawsuits." *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013); *Lynn's Food*, 679 F.2d at 1352 (holding that an employee's rights under the FLSA "cannot be abridged by contract or otherwise waived").

In actions brought directly by current and former employees against their employers for unpaid wages under the FLSA, district courts must scrutinize any settlement "for fairness" before dismissing an action. *See Nall*, 723 F.3d at 1306–07; *see also Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013). Specifically,

the Court must determine that any settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. District courts are afforded discretion in deciding whether to approve an FLSA settlement agreement. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013). If the district court finds that the settlement reflects a fair and reasonable compromise of the issues in dispute, it may approve the settlement "in order to promote the policy of encouraging settlement in litigation." *Lynn's Food*, 679 F.2d at 1354.

### III.   DISCUSSION

Given that Plaintiff prevailed on the Motion for Summary Judgment (*see* Doc. 55), the parties have agreed to settle the amount of overtime wages and liquidated damages. After reviewing the instant Motion (Doc. 80) and the proposed settlement agreement (Doc. 80-1), the Court finds that the settlement agreement is fair and reasonable, as *Lynn's Food* requires. *See* 679 F.2d at 1355. The agreement does not contain any impermissible confidentiality, non-disparagement, non-cooperation, or general-release provisions. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (disapproving of such provisions); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) (same). While the parties agree that Plaintiff is entitled to reasonable fees and costs as the prevailing party, they state that Plaintiff will petition the Court separately for an award of fees. (Docs. 80 at 4; 81-1 ¶ 4.) In sum, the settlement agreement comports with the requirements of *Lynn's Food* and is therefore due to be approved.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. The Amended Joint Motion for Settlement Approval (Doc. 80) is **GRANTED**.

2. The Court **FINDS** that the parties' Settlement Agreement (Doc. 80-1) is fair and reasonable.

3. If the parties cannot reach an agreement on attorney's fees, Plaintiff must submit a motion for fees **on or before September 15, 2022**. Plaintiff may seek costs in accordance with Federal Rule of Civil Procedure 54(d)(1).

**DONE** and **ORDERED** in Orlando, Florida on September 1, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE