# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALEXY REGUENA,**

       **Plaintiff,**

**v.**                                              **Case No: 6:20-cv-1670-EJK**

**DOUG CONNOR, INC. and DANA
M CONNOR,**

       **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Award of Attorneys' Fees and Costs (the "Motion"), filed September 15, 2022. (Doc. 82.) Defendants responded in opposition on October 4, 2022 (Doc. 85), and Plaintiff submitted a supplemental reply to Defendants' response on October 26, 2022. (Doc. 88.) Thus, the Motion is ripe for review. Upon consideration, the Motion will be granted in part and denied in part.

## I.    BACKGROUND

On September 11, 2020, Plaintiff filed this action for unpaid overtime and minimum wage compensation under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–209. (Doc. 1.) On September 14, 2022, Plaintiff properly served Defendants (Doc. 5) and Defendants filed their answer on October 12, 2022. (Doc. 10.) On December 6, 2021, the Court ruled in favor of Plaintiff's Motion for Partial Summary Judgment. (Doc. 55.) On June 3, 2022, the parties informed the Court that

they had agreed to settle Plaintiff's damages and that they were still negotiating attorneys' fees and costs. (Doc. 74.) Plaintiff then filed the instant Motion on October 4, 2022. (Doc. 85.)

## II.    STANDARD

Plaintiff is entitled to reasonable attorney's fees as the prevailing party. *Cain v. One Stop PC Help, Inc.*, No. 8:15-cv-1071-T-27TBM, 2017 WL 10241541, *7 (M.D. Fla. 2017), *report and recommendation adopted*, 2017 WL 10241539 (M.D. Fla. 2017) (citing U.S.C. § 216(b)). Courts use the familiar "lodestar" method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate(s) and hours expended are reasonable. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (internal quotation marks omitted). In determining whether the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299–1300, 1303 ("The Court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent

judgment either with or without aid of witnesses as to value." (internal quotation marks omitted)); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299 (citations omitted). Instead, the satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances or opinion evidence of reasonable rates. *Id.*

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Likewise, a party opposing a fee application should submit objections and proof that are specific and reasonably precise. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A fee opponent's failure to explain with specificity the particular hours he or she views as excessive, redundant, or otherwise unnecessary is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought,

pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (internal quotation marks omitted). When a court finds the number of hours billed to be unreasonably high, it has two choices: it may review each entry and deduct the unreasonable time, or it may reduce the number of hours by an across-the-board cut. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

## III.   DISCUSSION

### A. Reasonable Hourly Rate

The parties disagree over what constitutes reasonable hourly rates for the work performed by the attorneys in this case. Plaintiff asserts that Attorneys Henson and Gunter are entitled to an hourly rate of $500.00. (Doc. 18 at 13.) Plaintiff maintains that the requested hourly rates are reasonable given the attorneys' experience and the complexity of the issues in the litigation. (*Id.*)

Defendants argue that Plaintiff's requested hourly rate for Attorneys Henson and Gunter is unreasonable given previous, similar fee determinations in this Court. Specifically, Defendants assert that in the Middle District, "hourly rates between $350.00 to $400.00 for experienced litigation counsel in FLSA cases appear to be 'reasonable' by the Court." (Doc. 85 at 7.) In reply, Plaintiff directs the Court to *Carruega v. Steve's Paintings, Inc.*, No: 2:16-cv-715-FtM-29CM, 2017 WL 3387228, at *3 (M.D. Fla. Aug. 7, 2017) (awarding $500 per hour in an FLSA matter on a motion to compel); and *Pena v. RDA, LLC*, No: 8:17-cv-01404-T-AAS, 2019 WL 3017574, at * 1 (M.D. Fla. July 10, 2019) (awarding $425 per hour).

The Middle District cases cited by Plaintiff involved hourly rates that were unopposed. *See Mason v. Pathfinders for Independence, Inc.*, No. 8:19-cv-307-WFJ-TGW, 2022 WL 2452621 (M.D. Fla. July 6, 2022); *Pena*, 2019 WL 3017574; *Carruega,* 2017 WL 3389228. Here, however, Defendants object to Plaintiff's requested hourly rate. Thus, the Court must make a determination as to a reasonable hourly rate for Attorneys Henson and Gunter. The undersigned concludes that their requested hourly rate should be decreased.

Attorneys Henson and Gunter have been practicing law for twelve years and have experience in FLSA and wage and hour matters. (Doc. 82 at 17.) In similar circumstances, judges in this District have determined $400 per hour to be a reasonable hourly rate. *Lopez v. City Buffet Inc.*, No. 6:19-cv-1151-WWB-EJK, 2022 WL 783829, at *1 (M.D. Fla. Jan. 7, 2022) (approving $400 hourly rate for an attorney with 16 years of experience in an FLSA case that resulted in a default judgment); *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33-CPT, 2019 WL 2931469, at *7 (M.D. Fla. June 19, 2019), *report and recommendation adopted*, 2019 WL 2929325 (M.D. Fla. July 8, 2019) (approving $400 hourly rate for an attorney with 20 years of experience in an FLSA case resulting in default judgment). Accordingly, and given the undersigned's knowledge of market rates, I find $400.00 per hour to be a reasonable rate.

### B. Reasonable Hours

The next step in the analysis is to determine what hours were reasonably expended. Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N & D Inv. Corp.*,

432 F. App'x 801, 806 (11th Cir. 2011) (unpublished) (internal quotation marks omitted). Defendants assert that Plaintiff's counsel's hours should be reduced because Plaintiff had two attorneys allegedly billing simultaneously and for duplicative work. (Doc. 85 at 9–15.) This Court has recognized that "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman*, 836 F.2d at 1302. To successfully recover, Plaintiff bears the "burden of showing that the time spent by [her] attorney[s] reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." *Barnes*, 168 F.3d at 432. If the attorneys are doing the same work, a reduction in hours for redundancy is warranted. *Id.*

Attorneys Henson and Gunter have provided approximately thirty pages of billing records. (*See* Doc. 82-1.) Upon review, the undersigned determines that the time entries identified by Defendant (Doc. 85 at 14–15) do appear to be duplicative, to an extent.[1] While a certain amount of collaboration between co-counsel is expected and should be compensated, the Court finds that a reduction from the full time of both attorneys is warranted. *Tampa Bay Water v. HDR Eng'g, Inc.*, No. 8:08-CV-2446-T-27TBM, 2012 WL 5387830, at *10 (M.D. Fla. Nov. 2, 2012).

---

[1] For instance, on September 10, 2020, Attorney Henson billed 0.2 hours for "Conversation w/ M. Gunter in re complaint." (Doc. 82-1 at 12.) On the same date, Attorney Gunter billed 0.2 hours for "Conversation w/ J. Henson regarding claims and drafting of complaint." (Doc. 82-2 at 12.)

Moreover, when a court finds hours are too high, "it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivens v. Wrap it Up*, 548 F.3d 1348, 1350 (11th Cir. 2008). However, a court may not "double discount" hours by reducing them hour-by-hour and then further reducing the hours in an across-the-board cut. *Id.* at 1351–52. Nevertheless, attorney's fees "should not be so high as to be financially ruinous to a losing litigant." *Smith v. Psychiatric Sols., Inc.*, No. 3:08-cv-3/MCR/EMT, 2013 WL 2181101, at *7 (N.D. Fla. May 20, 2013) (emphasis added), *aff'd*, 750 F.3d 1253 (11th Cir. 2014).

Upon review of the billing records, and especially in light of the relatively limited motion practice that occurred, the undersigned finds that a one-third reduction in attorneys' fees is warranted. Therefore, I determine that Plaintiff is entitled to an attorney's fee award of $88,734.80.[2]

### C. Costs

Plaintiff requests $3,233.23 in costs, consisting of $400.00 for the filing fee; $120.00 for service of process; $38.58 for professional services; $665.30 for depositions; $162.52 for FedEx fees; $170.50 for black and white printing; $22.00 in postage costs; $163.42 in travel expenses; and $1,300 for mediation costs. Defendants object to this amount, citing 28 U.S.C. § 1920, and assert that Plaintiff's counsel are entitled to

---

[2] Plaintiff originally sought compensation for 331.1 hours. A reduction by one-third amounts to 221.837 hours. Multiplying this by $400.00 leads to a final lodestar award of $88,734.80.

recover only their filing fee, process service fees, and costs of making copies of materials. (Doc. 85 at 17.)

The Federal Rules of Civil Procedure allow prevailing parties to recover costs other than attorneys' fees. Fed.R.Civ.P. 54(d)(1). There is a presumption in favor of awarding costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1295 (11th Cir. 2001). In awarding costs, a district court is bound by the limitations set forth in 28 U.S.C § 1920. *Id*. A judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for "printed or electronically recorded transcripts necessarily obtained for use in the case;" (3) fees related to printing and witnesses; (4) fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;" (5) docket fees; and (6) compensation of court appointed experts and fees related to interpretation services. 28 U.S.C. § 1920(1)-(6).

The undersigned finds that the $400.00 filing fee is reasonable because this was the fee charged for opening a civil action in the Middle District of Florida when Plaintiff instituted his action. Additionally, the fees for service of process and printing are properly taxable as "fees of the clerk and marshal" under 28 U.S.C. § 1920. Plaintiff cites to various cases in support of additional recoverable costs; however, the cases cited were either unpersuasive or are sourced from non-binding jurisdictions. (Doc. 82 and 22.) *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002) (stating "facsimiles, long distance telephone calls, couriers, express mail, computerized legal research, attorney travel and lodging, postage, search services,

office supplies, secretarial services, mediation and expert witness fees" are not compensable because they are not enumerated in 28 U.S.C. § 1920). Accordingly, the costs should be reduced by the nonrecoverable fees, and the undersigned finds that Plaintiff is entitled to an award of costs amounting to $690.50.

## IV.    CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Award of Attorneys' Fees and Costs (Doc. 82) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is **AWARDED** $88,734.80 in attorney's fees and $690.50 in costs to be paid by Defendant.

**DONE** and **ORDERED** in Orlando, Florida on December 13, 2022.


EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE